15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence J. MAYER, Plaintiff-Appellant,
v.
G. Thomas MEEHAN, Defendant-Appellee.
 No. 92-15542.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 28, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Mayer, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). In his complaint, Mayer alleged that Pima County, Arizona, Superior Court Judge G. Thomas Meehan improperly denied Mayer's state court post-conviction relief because Judge Meehan was biased and prejudiced against him. Mayer sought to enjoin Judge Meehan from taking further actions against him and to recover compensatory and punitive damages. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 On appeal, Mayer contends that the district court erred by finding that Judge Meehan was immune from suit. This contention lacks merit.
 
 
 4
 The district court may dismiss a frivolous in forma pauperis action sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. at 325. The district court must give a pro se plaintiff an opportunity to amend his complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Judges acting within the jurisdiction of their courts are immune from damage suits even if the plaintiff alleges "bad faith, personal interest or outright malevolence." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc).
 
 
 6
 Here, the equitable relief sought by Mayer is no longer available because the criminal proceedings in which Judge Meehan presided have been completed. See id. at 1075. In addition, Mayer's suit for damages is barred because all the acts complained of were judicial acts that Judge Meehan performed within the jurisdiction of the court. See id. Therefore, Mayer's complaint was "based on an indisputably meritless legal theory." See Neitzke, 490 U.S. at 327. Accordingly, the district court did not abuse its discretion by dismissing Mayer's action pursuant to section 1915(d). See Denton, 112 S.Ct. at 1734.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3